IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAYNOR ESLANDERS                    )
GONZALEZ ALTAMIRANO,                )
                                    )
          Petitioner,               )
                                    )        1:26-cv-01708 (AJT-IDD)
     v.                             )
                                    )
TODD LYONS, *et al.*,               )
                                    )
          Respondents.              )

## **ORDER**

Before the Court is Maynor Eslanders Gonzalez Altamirano's ("Petitioner") Petition for Writ of Habeas Corpus. [Doc. No. 1]; ("Petition"). By order dated June 18, 2026, the Court ordered the Government to respond to the Petition within four days, [Doc. No. 2], and Respondents timely submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or other opinions of this Court cited therein. [Doc. No. 4].

Petitioner is a citizen of Nicaragua, who is alleged to have entered the United States without inspection in or around January 2022. [Petition] ¶¶ 3, 45. On or around May 4, 2026, following the dismissal of certain criminal charges against Petitioner, he was transferred from state custody at the Riverside Regional Jail into the custody of Respondents and was eventually taken to the Farmville Detention Center, where he remains. *Id.* ¶¶ 48-50. He further alleges that he has not been provided a bond hearing. *Id.* ¶ 3.

In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations,

Petitioner is entitled to a bond hearing before an Immigration Judge.

Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to forward a copy of this Order to counsel of record, and to terminate the case.

Anthony J. Trenga
Senior United States District Judge

Alexandria, Virginia
June 22, 2026

2